UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08CV-131-H

MARTIN BUCKMINSTER													PLAINTIFF

V.

TERRY ARNOLD, et al.												DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendants, Louisville/Jefferson County Metro Government ("Metro Government"), Southeast Christian Church of Jefferson County, Inc. and Southeast Christian Community Counseling Center, Inc. (collectively "Southeast") and Jeff Gilbertson, have moved to dismiss the complaint. Defendant, Terry Arnold, has not moved to dismiss any claims against him. Plaintiff filed a motion for an extension of time, but never filed a response to the motions. Nevertheless, the Court has independently reviewed the matter.

I.

These are the general facts stated favorably for Plaintiff, Martin Buckminster ("Buckminster"). Buckminster and his wife enlisted the services of Defendant, Jeff Gilbertson ("Gilbertson"), an employee of Defendant Southeast, to serve as their marital counselor. Due to a conflict between Gilbertson and Buckminster, the parties discontinued their meetings. As of February 2007, Buckminster attended services and other activities at Southeast. During 2007, Buckminster needed documentation from Gilbertson for use in a family court case. When he asked for the document, Buckminster was informed by a Southeast employee to leave his contact

information and Gilbertson would contact him.  On February 11, 2007, Gilbertson contacted Buckminster and scheduled an appointment with him for the next day.

When Buckminster arrived at Southeast for his scheduled appointment, Gilbertson informed law enforcement or Southeast security of Buckminster's visit.  While waiting for his appointment, Buckminster was approached by Defendant, Terry Arnold ("Arnold"), a Louisville Metro Police Officer.  Arnold identified himself as a "Louisville police officer" and demanded that Buckminster leave and "never set foot" on Southeast property again.  Buckminster informed Arnold of his scheduled appointment with Gilbertson, but Arnold did not listen and threaten to arrest Buckminster if he came back to Southeast.  Then, Arnold grabbed Buckminster by the arm and led him toward the parking area.  In the parking lot, Buckminster asked Arnold for identification, but Arnold responded by cursing, forcing Buckminster's arm behind his back, kneeing him and slamming Buckminster against a police car.  Arnold also threatened to put Buckminster in handcuffs.

Buckminster has filed this lawsuit against Arnold, Metro Government, Southeast, and Gilbertson alleging assault, battery, negligent supervision, failure to train, unreasonable seizure and excessive force.

II.

Some of the pending claims are easily resolved.  The principle of *respondeat superior* is inapplicable to § 1983 claims.  "[A] local government is liable as an entity only when the government itself has committed [a] constitutional violation, not when the violation was committed by its employees."  To the extent Buckminster's theory of liability against Metro Government is premised on the alleged constitutional violations of Arnold, those claims fail.

Buckminster alleges that the Louisville Metro Police Department ("LMPD") "*negligently* failed to properly supervise and/or train*" Arnold and that LMPD's failure to supervise and/or train Arnold led to him violating Buckminster's constitutional rights. These allegations are insufficient to support a § 1983 action. Neither simple nor gross negligence is a sufficient basis to support a constitutional violation. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1067 (6th Cir. 1994) ("grossly negligent conduct is not sufficient to impose . . . Section 1983 liability."). Therefore, even assuming that Metro Government was negligent in supervising and training Arnold, Metro Government did not violate Buckminster's constitutional rights. *Id.*

Metro Government is immune from suit in this matter on Buckminster's state law claims pursuant to the doctrine of sovereign immunity. KRS 67c.101(2)(e) states that: "A consolidated local government shall be accorded the same sovereign immunity granted counties, their agencies, officers, and employees." *See also, Lexington-Fayette Urban County Government v. Smolcic,* 142 S.W.3d 128 (Ky. 2004). All state law claims must be dismissed against Metro Government.

### III.

Both this Court and the Sixth Circuit have recognized the claim of negligent supervision/training as provided in the Restatement (Second) of Agency § 213. *See, e.g., Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003) (citing *Smith v. Isaacs*, 777 S.W.2d 912 (Ky. 1989)). The comment and illustrations to Section 213 of the Restatement provide that an employer may be held liable for negligent supervision/training *only* if he or she knew or had reason to know of the risk that the employment created. *Booker*, 350 F.3d at 517. To sustain such a claim under federal law, plaintiff must first allege either direct or inferential allegations

3

that the employer knew or should have known of the danger that employment created. *Id.* at 517. Buckminster makes no allegations whatsoever concerning whether Arnold's actions were at all foreseeable to Southeast. This Court recently found a similar complaint to be insufficient. *See Rufra v. U.S. Bancorp, Inc.*, No. 3:05CV-594-H, 2006 U.S. Dist. LEXIS 53215 (W.D.Ky. July 28, 2006) (in a negligent training and supervision case, this Court held that because the plaintiff failed to allege in its complaint that the defendant knew or should have known of the potential danger of employment that the complaint failed to state a claim upon which relief could be granted). Bare legal conclusions unsupported by factual allegations are not enough. Therefore, Buckminster's negligence claim against Southeast fails. To the extent that Buckminster's putative "negligent supervision/failure to train" claim is read as arising under 42 U.S.C. § 1983, the claim fails because Southeast is not a state actor.

IV.

The complaint does not state a true cause of action against Gilbertson, other than his alleged conspiracy with Arnold. However, Gilbertson was not visibly present during any of the events in question and was not physically responsible for any of the alleged actions against Buckminster. Consequently, at this time, the complaint does not state a reason for Gilbertson to be legally responsible for acts undertaken by Arnold.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is SUSTAINED and all claims in Buckminster's complaint against Metro Government, Southeast and Gilbertson are DISMISSED WITH PREJUDICE.

Claims remain against Terry Arnold; therefore, this is not a final order.

cc: Counsel of Record